Mr. Chief Justice Shakket
delivered the opinion of the court.
This case comes up by exceptions taken to allowance of an administrator’s accounts, which were overruled by the probate court. The administrator is credited with the sum of 1116 dollars, 50 cents, it being for articles purchased at the sale of the estate, by the widow of the deceased, through her agent.
She was entitled to a distributive share, but what amount does not appear, as the number of distributees does not appear from the record. The administrator charged himself with the amount of sales, including the amount so purchased by the widow, and the first exception is, that he has improperly credited himself by that amount.
When Mrs. Mahon became a purchaser, she was, of course, personally responsible to the administrator for the amount of the debt so contracted, and if the amount had been needed to pay creditors, the administrator should have collected it. This was *276 not done, and the conclusion is, that it was not necessary. After the payment of all the debts, it was the duty of the administrator to make distributi, aud it was, of course, competent for the orphans’ court,'to decree that the amount received by Mrs. Mahon should be deducted from her distributive share, and this is the manifest effect of the account, if there .are no other dis-tributees, but if there are others, it is improper.
Out of the balance of the estate, each distributee is entitled to his share, and that balance would, of course, be improperly diminished, by charging the estate with advancements made to one distributee, thus making each distributee contribute to such advancement, by diminishing the aggregate from which he was entitled to receive a given portion. We cannot correct the error, if there was one, because the number of distributees is not shown by the record, but the view taken will serve to illustrate the principles.
In regard to the second exception, we have no means of-determining, whether it was correct or not. If the payment was made out of the funds with which the administrator had charged himself, or for which he had become responsible, the charge may have been correct.
The third exception is, that the administrator has credited himself with the amount of one Vannesson’s note, handed to Mrs. Mahon. If the administrator had returned an inventory of debts and charged himself with it, or if he had charged himself in any shape with the amount of this note, then the credit would have been correct; but this was not done, and it was therefore incorrect that he should charge the estate with it. If it was received by Mrs. Mahon, it was an advancement to her. If it be true as the witness states, that the amount of this note was received by Bower, of course he was chargeable with it.
The allowance made by the orphan?’. court' must be set aside, and cause remanded.